**Morris Ray McPETERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00093–CR.**

Court of Appeals of Texas, Dallas.

Nov. 6, 1981.

Paul W. Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and ALLEN, JJ.

ALLEN, Justice.

This is an appeal from a conviction for driving a motor vehicle upon a public street or highway while intoxicated. After a trial before a jury, the court assessed punishment at 15 days confinement in the county jail and a $300 fine, probated.

Appellant contends that the trial court erred in limiting his cross-examination of the arresting officer, refusing to allow defense counsel to explore other explanations for appellant's behavior and appearance, and failing to dismiss this case under the Speedy Trial Act. We disagree and thus affirm.

■ In his first ground of error appellant claims that the trial court unduly limited his cross-examination of the arresting officer. After testifying in the State's case-in-chief that appellant was intoxicated at the time of his arrest, Officer Jim Roberts was recalled by defense counsel and asked the following question:

Officer, when a person is frightened, does the system create a substance called epinephrine which has a tendency to make the eyes bloodshot?

The State objected on the grounds that an answer to this question would call for speculation on the part of the witness. We hold that the objection was properly sustained. The question called for an expert opinion and the record does not reflect that a predicate was laid to qualify Officer Roberts as a medical expert, or to be otherwise qualified to testify with regard to how epinephrine operates in the human system. *See* generally 2 C. McCORMICK & R. RAY, TEXAS LAW OF EVIDENCE § 1401 (Texas Practice 2Ed. 1956). Further, the record reflects that defense counsel was permitted to pursue other questions on cross-examination in an attempt to impeach the witness' observations. Accordingly, ground of error number one is overruled.

■ Appellant next contends that the trial court erred in refusing to allow defense counsel to explore the non-alcoholic causa-tion of appellant's unusual actions. Specifically, appellant complains that he was not permitted to show through the testimony of his brother the unusually long working hours and emotional stress associated with his occupation as a locksmith, which conditions resulted in appellant's voice being shaky and speech slurred. We first note that counsel failed to perfect a bill of exception or a bystanders bill. Since the record does not reflect what the witness' testimony would have been, the contentions advanced here rely on matters outside the record and error is not preserved for review. *Toler v. State*, 546 S.W.2d 290 (Tex. Cr.App.1977). We further observe that appellant himself was permitted to testify as to the physical ramifications of his occupation. This ground of error is overruled.

■ In his final ground of error appellant contends that the trial court erred in failing to grant his motion to dismiss under the Speedy Trial Act, Tex.Code Crim.Pro. art. 32A.02 (Vernon 1981). The record shows that appellant was arrested on May 9, 1979, and obtained his release by posting a $500 cash bond with the sheriff's department. On June 4, 1979, an indictment was returned into Criminal District Court No. 3, which was subsequently transferred to the County Criminal Court of Dallas County. Due to a mistake in processing the bond, no further action was taken in this case until August 9, 1979, when the bond was filed in the trial court. As a result, the trial court considered appellant to be unapprehended and did not set the case on the trial docket. On August 24, 1979, appellant filed his motion to dismiss pursuant to article 32A.02. A hearing was held on October 2, 1979, at which time the court denied the motion to dismiss and set the case for trial the following day. In denying appellant's motion, the trial judge concluded that the sheriff's department, not the district attorney's office, was responsible for the delay, and that this delay was properly excluded from computation under the Act because it was reasonable and constituted exceptional circumstances under article 32A.02(4)(10). We agree.

The Speedy Trial Act provides that the court shall set aside an indictment, information, or complaint "if the State is not ready for trial" within certain time limits. It has been held that the Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *See Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979); *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr.App.1979); (concurring opinion by Clinton, J.). As a result, the Court of Criminal Appeals has concluded that the overcrowding of a trial court's docket is an "exceptional circumstance" which justifies tolling the time period under the Speedy Trial Act. *Barfield v. State, supra; Ordunez v. Bean, supra.* We find this analysis controlling. The record indicates that while the State failed to announce ready for trial, appellant's appearance bond was not filed in the trial court until some 65 days after the indictment was presented in the trial court. This delay was occasioned by the procedures of the sheriff's department, and was in no way attributable to the prosecutor's failure to proceed on the merits of the case. We hold that this delay was an "exceptional circumstance" within the terms of section 4(10) of the Speedy Trial Act that tolled the statute from June 4, 1979 to August 8, 1979. Once this notice was given to the prosecutor by the filing of the bond in the trial court, appellant was brought to trial within the 90-day statutory period. Accordingly, we hold that the delay in processing appellant's bond in the sheriff's department justified the delay in bringing appellant to trial. No error is shown.

The judgment is affirmed.